**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENIA GOMEZ MARINO, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:24-cv-12052 |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDT INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Kenia Gomez Marino ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Brandt Industries, Inc. ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This lawsuit further under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"), seeking redress for Defendant's discrimination and harassment on the basis of Plaintiff's sex and Defendant's retaliation against Plaintiff for engaging in protected activity under Title VII.

2.      This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") and 42 U.S.C. §1981 ("Section 1981") seeking redress for Defendant's national origin-based discrimination, national origin-based harassment, and retaliation under Title VII and Section 1981.

### JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*. and 42 U.S.C. §1981 are federal statutes.

4.      Venue in this district is proper under 28 U.S.C. §1391(b) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ADMINISTRATIVE PREREQUISITES

5.      All conditions precedent to jurisdiction under the Title VII and 42 U.S.C. §1981 have been satisfied.

6.      A charge of employment discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7.      Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Palatine, Illinois.

9.      Defendant is a corporation that specializes in manufacturing plastic rings and lids in the drum industry.

10.      Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

11.      During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of and Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

2

12.    Plaintiff was hired by Defendant as Machine Operator on or around August 20, 2024 until her unlawful termination on or about September 23, 2024.

13.    Since at least September 10, 2024 through September 23, 2024, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class and Plaintiff has been subjected to a hostile work environment on the basis of national origin and sex, violating Title VII and Section 1981.

14.    Plaintiff is Cuban and is a member of a protected class because of her national origin whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

15.    Plaintiff is female and is a member of a protected class because of her sex.

16.    On or about September 10, 2024, Plaintiff's supervisor, Jose Hernandez (Puerto Rican), began sexually harassing Plaintiff, making inappropriate comments such as, "I've never been with a Cuban before" and "I've never been with someone that tall".

17.    These harassing comments were unwelcomed.

18.    These harassing comments alluded to Mr. Hernandez's unwelcomed sexual desires toward Plaintiff.

19.    As Mr. Hernandez was alluding to wanting to have intercourse with Plaintiff on account of her national origin and sex, the comments are inherently tied to her protected class statuses.

20.    Further, as these remarks were perpetrated by a supervisor, Defendant was effectively on-notice of the sexual and national origin-based harassment or should have known of its occurrence by virtue of it being perpetrated by its agent, Mr. Hernandez.

21.    Plaintiff initially attempted to ignore Mr. Hernandez's unlawful conduct given the

power imbalance between her and her harasser, who controlled Plaintiff's employment outcomes.

22.     Other similarly situated employees witnessed Mr. Hernandez target Plaintiff on the basis of her sex and national origin but were too afraid to come to her aid out of fear of retribution.

23.     Notably, no other similarly situated employee outside Plaintiff's protected classes were subjected to the harassing and discriminatory conduct.

24.     Specifically, Plaintiff contends that other Cuban females were subjected to differential treatment on account of their national origin; Plaintiff states that these individuals did not speak up as she soon did because in Cuba you can go to prison for speaking up against your employer.

25.     Mr. Hernandez continued to harass Plaintiff throughout the duration of her employment.

26.     Eventually, Plaintiff could no longer endure this disparate treatment and the hostile environment it both objectively and subjectively created.

27.     Plaintiff then opposed the sexual harassment to Mr. Hernandez directly.

28.     This constituted protected activity as Plaintiff was protesting prohibited treatment on the basis of her sex to a supervisor; notably, the supervisor who was perpetrating the sexual harassment.

29.     On or about September 23, 2024, Plaintiff was terminated over the phone by Mr. Hernandez, with the explanation that she was not performing well at work.

30.     Prior to her termination, Plaintiff received no indication that her termination was forthcoming; rather, Mr. Hernandez's termination of Plaintiff's is linked to her opposition of sex- and national origin-based treatment.

31.     As such, this unlawful termination was done in retaliation for rebuking Mr.

Hernandez's unwelcomed romantic and sexual efforts towards Plaintiff on account of her sex (female) and national origin (Cuban).

32.     Ultimately, on or about September 23, 2024, Plaintiff was terminated on the basis of Plaintiff's engaging in protected activity as described above.

33.     Following her surprising termination, Plaintiff returned to Defendant's facility in order to beg for her job back.

34.     During this time, she disclosed the reason for Mr. Hernandez's sudden termination—her opposition to his advances on the basis of sex and national origin to HR representative Ariel Salazar.

35.     However, while Plaintiff was attempting to beg for her job back and disclose this information, Mr. Hernandez was present, and her efforts to re-obtain her employment were futile.

36.     Ultimately, Plaintiff was retaliated against, and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

37.     Plaintiff reported the national origin-based discrimination and/or harassment to Defendant.

38.     Plaintiff was targeted for termination because of her national origin.

39.     Plaintiff opposed the sex- and national origin-based discrimination and/or harassment to her Manager, Jose Hernandez.

40.     Plaintiff was targeted for termination because of her sex and reporting of illegal activity.

41.     Plaintiff suffered multiple adverse employment actions including, but not limited to being terminated.

42.     There is a basis for employer liability for the national origin-based harassment that

Plaintiff was subjected to.

43.     There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to.

44.     Plaintiff can show that she engaged in statutorily protected activity –a necessary component of their retaliation claim- because Plaintiff lodged complaints directly to her manager about the harassment.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(National Origin-Based Discrimination)**

45.     Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

46.     Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

47.     Defendant's conduct against Plaintiff's national origin amounts to a pattern or practice of systemic discrimination that constitutes illegal intentional national origin discrimination in violation of 42 U.S.C. Section 1981.

48.     Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

49.     Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

50.     As a direct and proximate result of the national origin-based discrimination

6

described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT II</u>**
**Violation of Title VII of the Civil Rights Act of 1964**
**(National Origin-Based Discrimination)**

51.     Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

52.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's national origin, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

53.     Plaintiff met or exceeded performance expectations.

54.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

55.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's national origin.

56.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's national origin.

57.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**<u>COUNT III</u>**
**Violation of Title VII of The Civil Rights Act of 1964**
**(National Origin-Based Harassment)**

59.     Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

60.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to national origin-based harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

61.     Defendant knew or should have known of the harassment.

62.     The national origin-based harassment was severe or pervasive.

63.     The national origin-based harassment was offensive subjectively and objectively.

64.     The national origin-based harassment was unwelcomed.

65.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's national origin, Cuban.

66.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67.     As a direct and proximate result of the national origin-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

68.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

69.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### COUNT IV
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

70.     Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

8

71.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

72.     Defendant knew or should have known of the harassment.

73.     The sexual harassment was severe or pervasive.

74.     The sexual harassment was offensive subjectively and objectively.

75.     The sexual harassment was unwelcomed.

76.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

77.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

78.     As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

79.     Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

80.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

81.     Plaintiff met or exceeded performance expectations.

82.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

83.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's sex.

84.     Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

85.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

86.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

<u>**COUNT VI**</u>
**Violation of Title VII of the Civil Rights Act**
**(Retaliation)**

87.     Plaintiff repeats and re-alleges paragraphs 1-44 as if fully stated herein.

88.     Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

89.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment or sex-based discrimination.

90.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

91.     In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sexual harassment or sex-based discrimination.

92.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

93.    Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

94.    By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

95.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

96.    As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.    Back pay with interest;

b.    Payment of interest on all back pay recoverable;

c.    Front pay;

d.    Loss of benefits;

e.    Compensatory and punitive damages;

f.    Reasonable attorneys' fees and costs;

g.    Award pre-judgment interest if applicable; and

h.    Award Plaintiff any and all other such relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 22, 2024            Respectfully submitted,

/s/ *Peyton M. Paschke, Esq.*_____
Peyton M. Paschke, Esq.
IL Bar No.: 62587
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5450
ppaschke@sulaimanlaw.com
*Attorney for Plaintiff*